**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| GOVERNMENT ACCOUNTABILITY & OVERSIGHT | : :  : |
| Plaintiff, | : Civil Action No.:   23-3268 (RC) |
| v. | : Re Document No.:   12 |
| SECURITIES AND EXCHANGE COMMISSION, | : : : |
| Defendant. | : |

**MEMORANDUM OPINION**

**DENYING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES**

**I.   INTRODUCTION**

Plaintiff Government Accountability and Oversight ("GAO") filed this Freedom of Information Act ("FOIA") action against the Securities and Exchange Commission ("SEC") on November 1, 2023.  On September 29, 2023, GAO submitted a two-part email request seeking records related to a California climate risk disclosure rule and its impact on SEC's cost assessment of its own rule.  However, the SEC confirmed receipt of GAO's request approximately one month later, on October 31, 2023.  The SEC subsequently processed GAO's FOIA request over the ensuing months and released the requested documents to Plaintiff.  The parties agreed that the SEC had produced all responsive records, and no issues remain other than the issue of attorney's fees.  On June 21, 2024, GAO filed its motion for attorney's fees and costs pursuant to FOIA, 5 U.S.C. § 552(a)(4)(E).  For the reasons set forth below, the Court concludes that because GAO is not eligible for an award of attorney's fees, its motion is denied.

## II.  FACTUAL BACKGROUND

On September 29, 2023, GAO submitted a two-part FOIA request to the SEC seeking "(1) copies of all electronic mail a) sent to, from or which copies (whether as cc: or bcc:) Mika Morse, which b) also i) includes, anywhere in an email or email 'thread', whether as a correspondent's address or otherwise in the body of, e.g., a forwarded email, i) Scott" and (2) "all electronic mail a) sent to, from or which copies (whether as cc: or bcc:) Mike Morse which b) also i) is sent to, from, or copies a) @ceres.org, b) @bloomberg.net, c) @bloomberg.org, and/or d) @ERM.com, and ii) is dated at any time from July 15, 2023 through September 29, 2023, inclusive (two-and-a-half months)."  Am. Compl. ¶ 9, ECF No. 4; Ex. A to Am. Compl. ("FOIA Request") at 1, ECF No. 4-1.  Plaintiff also requested a fee waiver or reduction on the basis of significant public interest and Plaintiff's status as a media outlet.  Am. Compl. ¶ 12; FOIA Request at 6.

GAO did not initially receive a response from the SEC confirming receipt of its FOIA request; and on October 30, 2023, GAO reached out to the SEC to reconfirm receipt of its earlier submission on September 29, 2023.  Am. Compl. ¶ 14.  The next day, on October 31, 2023, the SEC acknowledged GAO's FOIA request dated September 29, 2023, and it confirmed that the request was "received in [the SEC's] office on October 30, 2023."  Hyde-Michaels Decl. ¶ 6, ECF. No. 13-1.  Once the SEC marked the request as received on October 30, 2023, it "immediately began processing the request."  Def.'s Opp'n at 3.  The SEC split GAO's request into two, assigning each part a tracking number.  Hyde-Michaels Decl. ¶ 6.  The SEC claims that the reason it did not respond to GAO's request initially was because the email was marked as spam and consequently sent into a junk folder, "unbeknownst to staff in the FOIA office."  Def.'s Opp'n at 3.  One day after that, on November 1, 2023, GAO filed suit against the SEC

seeking declaratory and injunctive relief, including costs and fees, for failure to comply with FOIA. *See* Am. Compl. ¶¶ 1–3, 42. GAO argues that the SEC violated its obligations under FOIA because it "provided no substantive response" to GAO's request within the statutory twenty-working-day time limit. *Id.* ¶¶ 23, 26. During the course of litigation, on February 22, 2024, Defendant issued a response to Plaintiff's FOIA requests and released 363 pages of records, with certain information withheld or redacted under FOIA Exemptions 5 and 6. Def.'s Opp'n at 4; June 2024 Joint Status Report at 1, ECF No. 11; *see also* U.S.C. §§ 552(b)(5)–(6). The next day, on February 23, 2024, GAO asked the SEC to reconsider two withholdings under Exemption 5 that the SEC contends were initially withheld under the deliberative process privilege. Def.'s Opp'n at 5. Within two weeks, on March 5, 2024, the SEC determined that the information previously withheld was to be released to GAO, "removing the redactions under FOIA Exemption 5 and maintaining the redactions under FOIA Exemption 6." *Id*.

Upon the SEC's release of the information previously withheld under Exemption 5, the parties agreed that there were no remaining issues for the Court to resolve other than the issue of attorney's fees. June 2024 Joint Status Report at 2. On June 21, 2024, GAO filed its motion for attorney's fees and costs, seeking a total of $5,751.60. Pl.'s Mot. Fees at 8, ECF No. 12 ("Pl.'s Mot."). The SEC filed its opposition to GAO's motion on July 19, 2024, *see* ECF No. 13 ("Def.'s Opp'n"), and GAO replied on August 9, 2024, *see* ECF No. 14 ("Pl.'s Reply").

### III.  LEGAL STANDARD

FOIA provides that government agencies "shall make available to the public" certain information upon a proper request. 5 U.S.C. § 552(a). Under FOIA, a court may award attorney's fees and other reasonable litigation costs to a plaintiff who substantially prevails in an action against the government. U.S.C. § 552(a)(4)(E)(i). To recover fees and costs, "a plaintiff

3

must satisfy two requirements. First, he must be eligible for fees, which requires that he "substantially prevail.'" *McKinley v. Fed. Hous. Fin. Agency*, 739 F.3d 707, 710 (D.C. Cir. 2014) (citing *Cotton v. Heyman*, 63 F.3d 1115, 1117 (D.C. Cir. 1995). "Second, an eligible plaintiff must demonstrate that he is entitled to fees." *Id*.

A plaintiff has "substantially prevailed" if she has obtained relief through a "judicial order" or "a voluntary or unilateral change in position by the agency, if the [plaintiff's] claim is not insubstantial." U.S.C. §§ 552(a)(4)(E)(i)–(ii). Plaintiffs pursuing attorney's fees through the latter approach, also known as the "catalyst theory," may establish eligibility by showing that the "institution and prosecution of the litigation cause[d] the agency to release the documents obtained."[1] *Grand Canyon Tr. v. Bernhardt*, 947 F.3d 94, 97 (D.C. Cir. 2020) (quoting *Church of Scientology v. Harris*, 653 F.2d 584, 587 (D.C. Cir. 1981)). More plainly, the test is "whether the lawsuit was a substantial . . . cause of the defendant's change in conduct." *Id*. (quoting *Buckhannon v. W. Virginia Dep't of Health & Hum. Res.*, 532 U.S. 598, 610 (2001). But "[s]omething more than '*post hoc, ergo propter hoc* must be shown.'" *Calypso Cargo Ltd. v. U.S. Coast Guard*, 850 F. Supp. 2d 1, 4 (D.D.C. 2011), *aff'd*, No. 12-5165, 2012 WL 10236551 (D.C. Cir. Nov. 1, 2012) (quoting *Public Law Educ. Inst. v. Dep't of Justice*, 744 F.2d 181, 183 (D.C. Cir. 1984)). "If, rather than the threat of an adverse court order, 'an unavoidable delay accompanied by due diligence in the administrative process was the actual reason for the

---

[1] The catalyst theory was widely used in the D.C. Circuit until 2001, when the Supreme Court held that the catalyst theory "is not a permissible basis for the award of attorney's fees." *Buckhannon v. W. Virginia Dep't of Health & Hum. Res.*, 532 U.S. 598, 610 (2001). Congress responded by reinstating the catalyst theory for FOIA cases specifically in the OPEN Government Act of 2007. *See Davis v. U.S. Dep't of Just.,* 610 F.3d 750, 752 (D.C. Cir. 2010). "The purpose and effect of this law, which remains in effect today, was to change the 'eligibility' prong back to its pre-*Buckhannon* form." *Brayton v. Off. of the U.S. Trade Representative*, 641 F.3d 521, 525 (D.C. Cir. 2011).

agency's failure to respond to a request, then it cannot be said that the complainant substantially prevailed in [its] suit.'" *Id.* (quoting *Church of Scientology*, 653 F.2d at 588).

If a court determines that a plaintiff satisfies the first requirement and is eligible for attorney's fees, the court must then determine that she is "entitled" to fees. *Calypso Cargo,* 850 F. Supp. 2d at 3 (citation omitted). "The Court considers, among others, the following [four] factors: '(1) the public benefit derived from the case; (2) the commercial benefit to the plaintiff; (3) the nature of the plaintiff's interest in the records; and (4) the reasonableness of the agency's withholding of the requested documents.'" *Elec. Priv. Info. Ctr. v. U.S. Dep't of Homeland Sec.,* 218 F. Supp. 3d 27, 43 (D.D.C. 2016) (citing *McKinley*, 739 F.3d at 711). "[E]ntitlement is at the discretion of the district court." *Md. Dep't of Human Res. v. Sullivan*, 738 F. Supp. 555, 563 (D.D.C. 1990). Moreover, "[a]n agency cannot foreclose an award of attorneys' fees and costs simply by complying with a FOIA request during the pendency of litigation." *Id.* at 562 (citations omitted).

## IV. ANALYSIS

GAO argues that it is eligible for attorney's fees under the catalyst theory.[2] *See* Pl.'s Mot. at 4. Specifically, GAO contends that before filing this action, the SEC "failed even to

---

[2] GAO does not assert that they have "substantially prevailed" through a "judicial order, or an enforceable written agreement or consent decree." 5 U.S.C. § 552(a)(4)(E)(ii)(I). *See* Pl.'s Mot. at 4 (noting that Defendant "may call its actions 'voluntary' because they came without any court order forcing production"). But even if GAO were to make this argument, "[p]rong one, as is evident in its text, requires a plaintiff to be 'awarded some relief by a court, either in a judgment on the merits or in a court-ordered consent-decree.'" *WP Co. LLC v. U.S. Dep't of State*, 506 F. Supp. 3d 11, 15 (D.D.C. 2020) (quoting *Oil, Chemical and Atomic Workers Int'l Union, AFL-CIO v. Dep't of Energy (OCAW),* 288 F.3d 452, 456–57 (D.C. Cir. 2002)). The Court notes that it did not grant any such relief. Instead, it ordered the parties to meet, confer, and submit a proposed briefing schedule, which does not satisfy prong one. *See WP Co.,* 506 F. Supp. 3d at 15 ("An order that is 'procedural — [*e.g.*,] conduct a search — as opposed to substantive — [*e.g.*,] produce documents'— does not qualify.") (quoting *Davy v. CIA*, 456 F.3d 162, 165 (D.C. Cir. 2006)).

issue a most basic, statutory 'determination'" since "every record that was ultimately received was obtained because Plaintiff forced [Defendant] to respond to the request at issue in this case." *Id*. at 3–4 (citations omitted). Thus, GAO implies that "the institution and prosecution of the litigation" is what prompted the SEC to release the requested records. *Calypso Cargo*, 850 F. Supp. 2d at 4 (citation omitted). GAO further contends that it is entitled to fees because all four entitlement factors weigh in its favor. Pl.'s Mot. at 5; *Elec. Priv. Info. Ctr.,* 218 F. Supp. 3d at 43–44. More specifically, it argues that there is a "public benefit in the records that were released in this litigation, [GAO] has no commercial motive for this litigation, the nature of [GAO]'s interest in the records was for purposes of public education," and SEC's position was not reasonable as "the agency did not even attempt to defend its withholdings in this matter." Pl.'s Mot. at 5–6.

In response, the SEC argues that GAO is not eligible for attorney's fees for three reasons. First, the SEC contends that GAO cannot demonstrate that this lawsuit was a "catalyst" because Plaintiff filed suit only two days after the FOIA Office confirmed receipt of the FOIA request. Def.'s Opp'n at 7. Second, the lawsuit was not the cause of the release of the requested documents, rather the SEC "processed the FOIA requests as it would have in the normal course" absent a lawsuit. *Id*. at 4. The SEC notified GAO on October 31, 2023 of its receipt of GAO's FOIA requests, before the lawsuit was filed, "stating that it was processing the requests." *Id*. at 10. The SEC then completed processing GAO's requests within 85 working days, which is close to the average processing time of 62.25 working days for complex FOIA requests. *Id*. at 5, 9; Hyde-Michaels Decl. ¶ 11. Third, the SEC argues that the Court should reject GAO's reliance on the SEC producing records post-litigation to support its eligibility for attorney's fees. Because GAO filed suit "immediately after" receiving the SEC's notification that it was

6

processing the requests, "the records were necessarily released after litigation began." Def.'s Opp'n at 11. SEC further argues that, even if the Court finds that GAO is eligible for attorney's fees, it is not entitled to such fees because, among other reasons: (1) the release of records sought by GAO did not yield any public benefit, including the need to incentivize FOIA requesters to pursue litigation in the public interest, (2) the commercial benefits and the nature of GAO's interest are neutral, and (3) GAO failed to demonstrate that the SEC's conduct was unreasonable. *Id*. at 12–20. Defendant further adds that should the Court reach a decision that is favorable to GAO, the amount sought in attorney's fees is unreasonable and should be reduced. *Id*. at 20.

The Court agrees with the SEC that, as a threshold matter, GAO has not proved its eligibility for attorney's fees. The catalyst theory turns on whether a plaintiff's lawsuit "substantially caused" the agency to release documents. *Brayton*, 641 F.3d at 524. "[T]he plaintiff has the burden of showing that it is more probable than not that the government would not have performed the desired act absent the lawsuit." *Bernhardt*, 947 F.3d at 97 (internal quotation omitted). "[T]he mere filing of the complaint and the subsequent release of the document is insufficient to establish causation." *Calypso Cargo*, 850 F. Supp. 2d at 4 (quoting *Weisberg v. U.S. Dep't of Justice*, 745 F.2d 1476, 1496 (D.C. Cir. 1984)); *see also Pub. Law. Educ. Inst. v. U.S. Dep't of Justice*, 744 F.2d 181, 184 n.5 (D.C. Cir. 1984) ("While the temporal relation between a[] FOIA action and the release of documents may be taken into account in determining the existence *vel non* of a causal nexus, timing, in itself or in conjunction with any other particular factor, does not establish causation as a matter of law.").

GAO contends that the SEC's "releases occurred *only* because [GAO] diligently pursued this litigation." Pl.'s Mot. at 2 (emphasis added). But "there is no reason to think" that the SEC would not have released the documents absent GAO's suit. *WP Co*, 506 F. Supp. 3d at 16.

7

Indeed, GAO's complaint acknowledges that on October 31, 2023, the SEC notified GAO of receipt of its FOIA request, *see* Am. Compl. ¶¶ 16, 18, and assigned it "to a Research Specialist for processing." *See* Ex. E to *id.*, ECF No. 4-5; Ex. F to *id.*, ECF No. 4-6. The SEC has also submitted an affidavit, which will be "accorded a presumption of good faith" by this Court, *SafeCard Servs., Inc. v. S.E.C.*, 926 F.2d 1197, 1200 (D.C. Cir. 1991), averring that the agency "immediately began processing the request" once the FOIA Office received it on October 30, 2023. Hyde-Michaels Decl. ¶ 5. In short, by the time GAO filed its complaint, the SEC had already begun processing the FOIA request. *See* Def.'s Opp'n at 7. Evidence that the SEC would not have released the documents, or that it would have taken longer than it did absent the lawsuit, is further rebutted by the fact that the SEC fully completed GAO's request on par with the average processing time for complex FOIA requests in 2023. Here, it took the SEC a total of 85 and 77 working days, respectively, to fully resolve GAO's FOIA requests, and the average processing time for such complex requests was 62.25 working days. Hyde-Michaels Decl. ¶ 11. In fact, the only reason one of the requests took longer to complete was because GAO challenged the SEC's withholdings. *Id*.

The SEC originally withheld and redacted one page under FOIA Exemption 5 and 6, with the redactions under Exemption 5 being withheld because the content "was contained within an intra-agency email and reflected staff members' discussion and opinions regarding an article related to the SEC's proposed climate rulemaking." Def.'s Opp'n at 5. GAO challenged these withholdings and the SEC determined, after "further consultations," that the information withheld under Exemption 5 could be released but maintained the redactions originally withheld under Exemption 6. *Id*. Nonetheless, GAO mischaracterizes the SEC's prompt re-release and lack of opposition to the challenge as evidence that the SEC's withholdings were an

Case 1:23-cv-03268-RC   Document 16   Filed 11/19/24   Page 9 of 11

"indefensible redaction" that it was "forced to re-process."  Pl.'s Reply at 1; *see also* Christopher Horner Decl. ¶ 6, ECF No. 14-2.  As support for its argument, GAO provides declarations from its counsel noting that in their experience, they do not "recall an agency in litigation ever unilaterally releasing a record it previously withheld, absent a specific challenge from counsel."  Hardin Decl. ¶ 5, ECF No. 14-1.  Thus, to GAO, this "indicates that challenges to withholdings raised by counsel are almost certainly the proximate cause of an agency's decision to reconsider a withholding and to make a subsequent release."  *Id.*  This argument is unpersuasive absent any evidence that indicates that the SEC's re-release was caused by this litigation or that the SEC would have failed to re-release the responsive document through the appeal process.  Instead, the SEC contends that GAO's "simple request for reconsideration could have been handled without litigation."  Def.'s Opp'n at 9.  Instead, it argues that the request could have been resolved through an administrative appeal, as "challenges to withholdings and the subsequent release of information, if appropriate, routinely occur outside litigation."  Hyde-Michaels Decl. ¶ 12.

Here, the SEC notified GAO of its right to appeal any determination and "provid[ed] the pertinent instructions" when it issued a response to GAO's FOIA requests and released the responsive records on February 22, 2024.  *Id.* ¶¶ 9–12.  GAO's counsel subsequently challenged SEC's withholdings "on a single page of the 363 pages the FOIA Office released."  Def.'s Opp'n at 9.  After "further consultations," the SEC re-released the page with modified withholdings within two weeks.  *Id.*  While GAO argues that it "only obtained records in this matter through post-litigation 'voluntary' releases," including a previously withheld record, *see* Pl.'s Mot. at 2, "the bare fact that the re-release occurred is insufficient to demonstrate that it was caused by the litigation."  Def.'s Opp'n at 9 (citing *Conservation Force v. Jewell*, 160 F. Supp. 3d 194, 207 (D.D.C. 2016)); *see also Env't Integrity Project v. U.S. Env't Prot. Agency*, 316 F. Supp. 3d 320,

9

327 (D.D.C. 2018) (explaining that "bare reliance on '*post hoc, ergo propter hoc*' fails to establish a causal nexus between the litigation" and re-release of previously redacted records). The SEC "did not defend its redactions throughout administrative proceedings and litigation;" instead, it "promptly conferred with [GAO] and sought to address [GAO]'s concerns." *Env't Integrity Project,* 316 F. Supp. 3d at 327.  It is GAO's burden to provide evidence showing a "direct causal nexus."  *Pyramid Lake Paiute Tribe of Indians v. U.S. Dep't of Just.*, 750 F.2d 117, 121 (D.C. Cir. 1984).  Thus, absent any evidence in the record to support this claim, "the natural inference is that [the SEC] was simply responding to [GAO]'s request" by releasing the responsive records.  *Id.* at 119; *see also Conservation Force*, 160 F. Supp. 3d at 206 (finding no hard evidence "or other facts in the instant record indicat[ing] that [d]efendants only produced the[] documents *because* of [plaintiff's] lawsuit").

The Court also finds that GAO's argument that it substantially prevailed because the SEC released all of the records "only after litigation had begun" is ineffective.  Here, the parties agree that the SEC released all of its documents post-litigation, but the Court reiterates that GAO filed suit only one day after receiving the SEC's notification confirming receipt of its FOIA requests. Therefore, the records were "necessarily released" after litigation.  Def.'s Opp'n at 11.  Even if the SEC were to have begun processing GOA's requests shortly after it first emailed the SEC on September 29, 2023, the Court would still find that GAO has not demonstrated that this lawsuit caused the SEC to release post-litigation documents. *See Codrea v. Bureau of Alcohol, Tobacco, Firearms & Explosives*, 272 F. Supp. 3d 49, 53 (D.D.C. 2017) (finding that in the context of attorney's fees, "the mere filing of the complaint and the subsequent release of the documents is insufficient to establish causation").  This finding is further supported by the SEC's letter to GAO, notifying it of the SEC's delay in responding within the twenty-day statutory window as

this was a complex request due to the "need to consult with more than one SEC Office." Hyde-Michaels Decl. ¶ 8. An agency's delay in responding to requests, and subsequent releases after a suit has been filed, is "insufficient to establish causation." *See Weisberg*, 745 F.2d at 1496; *see also Church of Scientology*, 653 F.2d at 588 (explaining that if "an unavoidable delay accompanied by due diligence in the administrative process was the actual reason for the agency's failure to respond to a request, then it cannot be said that the complainant substantially prevailed in [its] suit"). Based on the timeline of events leading up to the release of the requested records, GAO has failed to show that this suit "cause[d] the agency to release the documents." *Church of Scientology*, 653 F.2d at 587.

In sum, GAO has not shown that its lawsuit substantially caused the SEC to release records to GAO and the Court finds that Defendant made a good faith effort to respond to Plaintiff's request in a timely manner. The SEC's declarations make it clear that its initial delay was not due to a lack of cooperation, but rather was the result of an email fluke that caused GAO's FOIA requests to be marked as spam. Moreover, Plaintiff has provided no evidence to suggest that a causal nexus exists between the initiation of this lawsuit and the SEC's release of information. Because GAO is not eligible for fees, the Court need not address whether GAO is entitled to fees. *See, e.g., Calypso Cargo*, 850 F. Supp. 2d at 6 (addressing only the question of eligibility when determining that plaintiff's motion for attorney's fees is denied). Accordingly, the Court denies GAO's motion for attorney's fees.

## V.  CONCLUSION

For the foregoing reasons, Plaintiff's motion for attorney's fees is DENIED. An order consistent with this Memorandum Opinion is separately and contemporaneously issued.

Dated: November 19, 2024                                                      RUDOLPH CONTRERAS
                                                                                             United States District Judge